Aug. 8, 2007.

**HAI LIN,[1] Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, U.S. Department of Justice, Michael Chertoff, Secretary of the Department of Homeland Security, The Dept of Homeland Security,[2] Respondent.**

No. 03–41094–ag.

United States Court of Appeals, Second Circuit.

1. We direct the Clerk's Office to alter the official caption to reflect the correct spelling and order of petitioner's name.

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is automatically substituted for former Attorney General John Ashcroft, and Secretary of the Department of Homeland Security Michael Chertoff is automatically substituted for former Secretary Thomas Ridge as respondents in this case.

Douglas B. Payne, New York, NY, for Petitioner.

Shane Cargo, Assistant United States Attorney (Sara L. Shudofsky, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Respondent.

Present: ROGER J. MINER, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Hai Lin, a native and citizen of the People's Republic of China, seeks review of the November 6, 2003, decision of the BIA affirming the May 7, 2002, decision of Immigration Judge ("IJ") Annette S. Elstein denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture. *See In re Hai Lin,* No. A. 78 203 337 (B.I.A. Nov. 6, 2003), *aff'g* No. A. 78 203 337 (Immig. Ct. N.Y. City May 7, 2002). We assume the parties' familiarity with the facts, procedural history, and specification of issues on review.

As an initial matter, we reject the government's argument that the petition should be denied because Lin does not challenge the IJ's adverse credibility finding in his brief to this Court. In its decision, the BIA noted Lin's challenge to the IJ's adverse credibility finding, but performed no analysis of these arguments. Rather, the BIA determined that even assuming Lin's credibility, he had failed to establish a claim for asylum based on his girlfriend's forced abortion. Because our review is confined to the reasons actually relied on by the agency in denying relief, we reject the government's invitation to affirm on an alternate basis. *See Dong Gao v. BIA,* 482 F.3d 122, 127 (2d Cir. 2007) ("[T]he Court will confine its review to the reasons given by the agency and will not search the record for alternative reasons to affirm.").

■ Turning to the merits of Lin's petition, in light of this Court's decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309–10 (2d Cir.2007) (in banc), we reject Lin's argument that he is per se eligible for asylum relief based on the forced abortion of his girlfriend. However, as this Court's decision in *Shi Liang Lin,* as well as the BIA's decision in *In re S–L–L–,* 24 I. & N. Dec. 1 (B.I.A.2006), make clear, Lin still may qualify for relief if he can show that he was persecuted based on "other resistance" to a coercive family planning program. *See Shi Liang Lin,* 494 F.3d at 312–14; *S–L–L–,* 24 I. & N. Dec. at 10. As the government acknowledges, *see* Br. of Respondent, at 18–19, because Lin's case was decided before the BIA's decision in *S–L–L–,* remand is appropriate so that the agency can consider in the first instance whether Lin has demonstrated eligibility for relief based on the "other resistance" prong. Accordingly, the petition for review is granted, the order of removal is vacated, and the matter is remanded to the agency for further proceedings.